IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Raul Botello, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Sergeant Lill, Officer Trujillo, and | ) |
| City of Aurora, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Raul Botello, through his attorneys, complains of Aurora Police Department Sergeant Lill, Aurora Police Department Officer Trujillo, and the City of Aurora and states as follows:

**Parties**

1. Plaintiff Raul Botello a resident of Kane County, Illinois.

2. Defendant Sergeant Lill was, during the relevant time, employed by Defendant City of Aurora as a police officer. He acted within the scope of his employment and under color of law. Defendant Lill is sued in his individual capacity.

3. Defendant Officer Trujillo was, during the relevant time, employed by Defendant City of Aurora as a police officer. He acted within the scope of his employment and under color of law. Defendant Trujillo is sued in his individual capacity.

4. Defendant City of Aurora is a municipal corporation organized and doing business under the laws of the State of Illinois. During the relevant time, Defendant City of Aurora employed Defendants Lill and Trujillo as police officers.

## Jurisdiction

5. This action arises under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

6. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

7. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## Factual Allegations

8. On or about September 2, 2019, Plaintiff was in a Mitsubishi located in Aurora, Illinois.

9. Two other individuals were inside of the Mitsubishi in the front seats.

10. The two other individuals engaged in a brief physical altercation.

11. Plaintiff exited the Mitsubishi and was standing near the passenger side of the vehicle.

12. While Plaintiff was outside of the vehicle, Defendant Lill approached the Mitsubishi in his patrol vehicle.

13. As Plaintiff was outside of the Mitsubishi, a firearm was thrown by one of the individuals in the front seat into the rear seat of the vehicle.

14. Plaintiff was not the individual who had this firearm in his possession.

15. Plaintiff did not have any physical contact with this firearm.

16. Defendant Lill arrived at the location of the vehicle.

17. Defendant Lill falsely claimed to have observed Plaintiff throwing an item into the rear seat of the vehicle.

18. Defendant Lill relayed that false information to Defendant Trujillo.

19. Both Defendant Lill and Defendant Trujillo included the false information into their police reports and statements provided to an Assistant State's Attorney with the Kane County State's Attorney's Office.

20. Due to the false statements, Plaintiff was criminally charged with unlawful possession and use of the firearm.

21. Plaintiff was held in custody until able to post bond.

22. There was no probable cause supporting Plaintiff's arrest, detention, or the criminal charges.

23. On April 29, 2021, all criminal charges were dismissed via *nolle prosequi* as a video recording of the incident showed that Plaintiff was not in possession of the firearm.

### Count I
### 42 U.S.C. § 1983 – Fourth Amendment – Fabrication of Evidence
### Defendants Lill and Trujillo

24. Plaintiff incorporates all paragraphs of this complaint.

25. On September 2, 2019, Plaintiff was arrested by Defendants Lill and Trujillo.

26. As outlined above, the Defendants knowingly, intentionally, or with reckless disregard for the truth made false statements that were necessary to the probable cause determination. This conduct violates the Fourth Amendment. *Lewis v. City of Chicago,* 914 F.3d 472, 477 (7th Cir. 2019)(*Citing Whitlock v. Brown,* 596 F.3d 406, 410 (7th Cir. 2010)).

27. There was no probable cause justifying Plaintiff's arrest.

28. The arrest of Plaintiff on September 2, 2019 violated Plaintiff's rights under the Fourth Amendment.

29. The detainment of Plaintiff following his arrest was not supported by probable cause.

30. The detainment of Plaintiff following his arrest violated Plaintiff's rights under the Fourth Amendment.

31. As a result of the violation of his Fourth Amendment rights, Plaintiff suffered injury and damages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants Lill and Trujillo on this count and for an award of compensatory and punitive damages, attorneys' fees, costs, and any other relief that is just.

## Count II
## Illinois law– Malicious Prosecution
## Defendant City of Aurora

32. Plaintiff incorporates all paragraphs of this complaint.

33. On September 2, 2019, Plaintiff was arrested by members of the Aurora Police Department.

34. Following his arrest, Plaintiff was charged with numerous criminal offenses relating to the firearm.

35. The criminal chares were commenced due to the false statements provided to the Kane County State's Attorney's Office by the members of the Aurora Police Department.

36. The criminal charges were not supported by probable cause.

37. The employees of Defendant City of Aurora acted with malice by falsely claiming Plaintiff was in possession of the firearm.

38. Plaintiff was required to retain a criminal defense attorney to represent him in the criminal proceeding and further required to post a bond to secure his release from custody.

39. The criminal charges terminated in a manner indicative of Plaintiff's innocence when the criminal charges were dismissed on April 29, 2021.

40. As a result of the actions of Defendant City of Aurora's employees, Plaintiff was harmed and suffered damages.

41. During the relevant time, the members of the Aurora Police Department acted within the scope of their employment with Defendant City of Aurora. As such, Defendant City of Aurora is liable for the actions of its employees under a *Respondeat Superior* theory.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant City of Aurora on this count and for an award of compensatory damages, costs, and any other relief that is just.

### Count III
### Illinois law– Indemnity
### Defendant City of Aurora

42. Plaintiff incorporates all paragraphs of this complaint.

43. When Defendants Lill and Trujillo committed the acts alleged in this Complaint, they were acting within the scope of their employment with Defendant City of Aurora.

44. Under Illinois law, Defendant City of Aurora is required to indemnify and hold harmless all public employees for misconduct committed within the scope of their employment.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant City of Aurora on this county and requests Defendant City of Aurora be required to indemnify Defendants Lill and Trujillo for any award of compensatory damages, attorneys' fees, costs, and any other amount as permitted by Illinois law.

### Jury Demand

Plaintiff demands a trial by jury on all issues.

        Respectfully submitted,
        */s/ Brian T. Monico*
        Attorney No. 6283562

Hale & Monico
53 W. Jackson, Suite 337
Chicago, IL 60604
(312) 870-6901
btm@halemonico.com