IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL BOTELLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21 CV 4650 |
| v. | ) |
| | ) Magistrate Judge Jeffrey I. Cummings |
| SERGEANT LILL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raul Botello brings this action pursuant to 42 U.S.C. §1983 for claims arising out of his September 2, 2019 arrest for the unlawful possession and use of a firearm. At the time of the incident, Botello was a backseat passenger in a vehicle driven by non-party Rodrigo Lara-Beuno. Botello claims that although the gun was found in the backseat with him, it actually belonged to Lara-Beuno – who had unsuccessfully attempted to throw it out the window when police first arrived. Currently before the Court is defendants' motion for sanctions and for an order compelling the deposition of Rodrigo Lara-Bueno, (Dckt. #42). For the reasons explained below, defendants' motion is granted in part as follows.

On May 5, 2022, defendants issued a subpoena to Lara-Beuno directing him to appear for his deposition at Aurora City Hall on May 27, 2022 and enclosed a check in the amount $43.00 for witness fees and mileage. (Dckt. #37-1). The subpoena was served by both certified mail, (Dckt. #37-1 & #37-2), and hand delivery, (Dckt. #37-3). Despite cashing the check for the witness fees, (*see* Dckt. #42-2), Lara-Beuno failed to either appear for his deposition on May 27 or to otherwise contact defense counsel to re-schedule the deposition.

1

On July 27, 2022, after continued efforts to contact Lara-Bueno failed, defendants filed a motion for rule to show cause as to why Lara-Bueno should not be held in contempt of court for failing to appear for his deposition, (Dckt. #37). The Court granted the motion on July 28, 2022 and directed Lara-Bueno to sit for his deposition by August 26, 2022, (Dckt. #38). Alternatively, if Lara-Beuno believed that he had a valid reason *not* to appear for his deposition, the Court directed him to file a written statement by August 26 explaining why he should not be held in contempt. The Court further advised:

> If Mr. Lara-Bueno fails to comply with this order without justification, the Court will hold him in contempt of Court and impose appropriate sanctions.

(*Id.*)

Defendants served a copy of the Court's July 28 Order by substitute service to an individual over eighteen at Lara-Bueno's residence, (*see* Dckt. #42-2), along with a revised subpoena directing him to appear for his deposition on August 24, 2022. It also appears that defendants mailed a copy of the Court's July 28 Order and the revised subpoena to Lara-Bueno by certified mail.[1] Once again, however, Lara-Bueno neither appeared for his deposition nor contacted defense counsel. Nor did he file a written statement with the Court.

It is unclear why Lara-Bueno has failed to respond to defendants' subpoena. To the extent Lara-Bueno is concerned about testifying at his deposition due to his alleged involvement in the underlying incident, he is informed that his Constitutional rights – including his Fifth Amendment right against self-incrimination – extend to his forthcoming deposition in this civil proceeding. *See Trustees of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, No. 1:19-CV-2965, 2022 WL 16635553, at *2 (N.D.Ill. Nov. 2, 2022)

---

[1] Uncertainty is created by the fact that defendants did not file the proof of certified mail receipt with the Court.

("Though by its terms applicable only in criminal proceedings, the Fifth Amendment privilege against self-incrimination has long been held to extend to compelling answers by parties or witnesses in civil litigation [and it] applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it.") (internal quotations and citation omitted). The Court further notes, however, that a prospective witness' anticipation that they may assert their Fifth Amendment privilege does *not* provide a justification for ignoring a deposition subpoena because "whether the privilege may be invoked must be determined on a question-by-question basis" during the deposition itself. *Id.*, at *3 (rejecting a third-party's claim that he need not sit for a deposition based on his stated intent to invoke the Fifth Amendment) (citing cases).[2] Thus, Lara-Bueno must appear for his deposition even if he believes that he will assert his Fifth Amendment privilege to some of the questions that may be asked by defense counsel.

Defendants have now filed the instant motion for sanctions and to compel, which the Court views as a renewed motion for rule to show cause as to why Lara-Bueno should not be held in contempt under Rule 45. Under Federal Rule of Civil Procedure Rule 45(g), "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g); *Boehm v. Scheels all Sports, Inc.*, No. 15-CV-379-JDP, 2016 WL 6124503, at *2 (W.D.Wis. Oct. 20, 2016). "The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." *Jalayer v. Stigliano*, No. CV102285LDHAKT, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016). It is within the Court's discretion to enter a finding of contempt, *Achors v. FCA US, LLC*, No.

---

[2] The Court encourages Lara-Bueno to seek legal counsel regarding his rights with respect to defendants' subpoena, this Court's Order, and his forthcoming deposition.

3

115CV02052SEBMPB, 2017 WL 9531998, at *2 (S.D.Ind. Oct. 19, 2017), *report and recommendation adopted*, No. 1:15-CV-2052-SEB-MPB, 2017 WL 6015436 (S.D.Ind. Dec. 4, 2017), and "[c]ourts have broad discretion to fashion contempt remedies . . . 'based on the nature of the harm and the probable effect of alternative sanctions.'" *F.T.C. v. Trudeau*, 579 F.3d 754, 771 (7th Cir. 2009), *quoting Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir. 1988).

Here, there can be no dispute that Lara-Bueno has relevant information regarding this case and that he was properly served with the first subpoena by personal service *and* certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (permitting service of subpoena by certified mail). Indeed, the fact that Lara-Beuno cashed the check for the witness fee confirms beyond any doubt that he received the subpoena that was served along with the check. Whether the second subpoena was adequately served, however, is less clear. Although service by certified mail is sufficient, *Id.*, the Court cannot be sure that such service was effectuated with respect to the second subpoena because defendants did not file the proof of certified mail receipt with the Court. Furthermore, it is unclear that defendants' use of substitute service was sufficient to satisfy Rule 45's requirements. *Ott*, 682 F.3d at 557 (noting that many courts have interpreted the language of Rule 45(b)(1) "literally to require nothing short of personal service."); *cf. TIC Park Centre 9, LLC v. Cabot*, No. 16-24569-Civ-COOKE/TORRES, 2017 WL 11712069, at *4 (S.D.Fla. June 9, 2017) (citing to *Ott* for the proposition that "Rule 45 does not explicitly require personal service"); *In re Falcon Air Exp., Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799, at *1 (Bankr.S.D.Fla. May 8, 2008) (collecting cases and noting that "there is a split of authority among courts which have ruled on this issue" as to whether substitute service is sufficient to satisfy Rule 45).

On this record, Lara-Bueno has failed to comply with at least one validly served subpoena and the Court's order and the Court would be within its discretion to hold him in contempt. *See e.g., Ametek, Inc. v. N. Shore Int'l, Inc.*, No. 16CV2258SJFARL, 2017 WL 3172821, at *2-3 (E.D.N.Y. July 26, 2017) (holding individual in contempt for failing to comply with subpoena and the Court's order directing compliance). Nonetheless, in an abundance of caution, and to ensure that Lara-Bueno has a clear understanding of the consequences of failing to obey this Court's Order, the Court will provide Lara-Bueno with one final opportunity to appear for his deposition before finding him in contempt and issuing sanctions up to and including a bench warrant for his arrest.

Accordingly, defendants' motion, (Dckt. #42), is granted in part as follows and the Court orders:

**(1)** The U.S. Marshals Service is directed to personally serve a copy of this Order on Rodrigo Lara-Bueno at 105 Indian Ave., Apt. 2, Aurora, IL 60505. *See, e.g., Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *4-5 (D.Ariz. Oct. 18, 2013) (ordering service of the court's order by the U.S. Marshals Service); *Ballantyne v. Cnty. of Fresno*, No. CV-F-02-5969 AWI DLB, 2004 WL 7344646, at *3 (E.D.Cal. Sept. 13, 2004), *report and recommendation adopted*, No. CV-F-02-5969 AWI DLB, 2005 WL 8176322 (E.D.Cal. Jan. 19, 2005) (same);

**(2)** Defense counsel shall also serve a copy of this Order on Rodrigo Lara-Bueno at 105 Indian Ave., Apt. 2, Aurora, IL 60505 by certified mail. Defense counsel shall file the confirmation of certified mail receipt once they receive it;

**(3)** Within **seven calendar days** of receipt of this Order by the U.S. Marshals Service, Rodrigo Lara-Bueno is ordered to contact defense counsel John B. Murphey by phone (708-424-5678) or e-mail (jmurphey@osmfm.com) to schedule a mutually agreeable date and time to sit for his deposition. The deposition shall be completed by March 3, 2023;

**(4)** If it will best facilitate the completion of the deposition, the Court is amenable to allowing the deposition to proceed in Courtroom 2266 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn, Chicago, IL 60604. Defense counsel shall contact the Court's Courtroom Deputy to schedule the deposition;

**(5)** If Rodrigo Lara-Bueno fails to contact defense counsel within **seven calendar days** of receipt of this Order to schedule his deposition, or again fails to appear for his scheduled deposition,[3] an in-person rule to show cause hearing is set for March 10, 2023, at 11:00 a.m. in Courtroom 2266 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn, Chicago, IL 60604. Rodrigo Lara-Bueno must appear at the hearing to show cause why he should not be held in contempt of court; and

**(6)** If Rodrigo Lara-Bueno fails to appear for the rule to show cause hearing or sit for his scheduled deposition, the Court will find him in contempt and issue sanctions up to and including the issuance of <u>a bench warrant for his arrest</u> to compel his compliance with the deposition subpoena. *See, e.g., Martinez*, 2013 WL 5705291, at *4 (noting that subpoenaed person's willful failure to appear for deposition and court hearing "may result in the issuance of a civil warrant for her

---

[3] In the event that Lara-Bueno fails to comply with either one of these directives, defense counsel are directed to file a notice of non-compliance at their earliest convenience.

arrest by the U.S. Marshals Service."); *Ballantyne*, 2004 WL 7344646, at *3 (recommending that a bench warrant be issued for the arrest of subpoenaed person to compel his appearance before the court, his compliance with the deposition subpoenas, and any other penalty that the court may deem appropriate).

**DATE: January 25, 2023**

                                         _____
                                         **Jeffrey I. Cummings**
                                         **United States Magistrate Judge**